UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JUL 2 0 2011

Clerk, U.S. District and
Bankruptcy Courts

| | | |
|---|---|---|
| Henry Lee Hill, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  11 1320 |
| | ) | |
| James D. Wright *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's complaint upon a determination that the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted).

Plaintiff is a prisoner at the Federal Correctional Institution in Glenville, West Virginia. He sues a number of individuals as "lien debtors" who participated in the criminal investigation of plaintiff and/or his criminal prosecution. Plaintiff has not shown how any of the defendants are indebted to him. Not only does the complaint fail to state a claim upon which relief may be granted but it also lacks any basis in law and fact, thereby making it subject to dismissal as frivolous. *See Brandon v. District of Columbia Bd. of Parole*, 734 F.2d 56, 59 (D.C. Cir. 1984). In addition, because the complaint is targeted at various law enforcement personnel, prosecuting attorneys, defense counsel, and retired District Judge Thomas Penfield Jackson who presided over plaintiff's criminal case in this Court, *see USA v. Hill*, Crim. No. 89-121, the Court further

finds that this action seeking to place liens against the property of individuals simply because they played a role in plaintiff's conviction is malicious, and subject to criminal prosecution. *See* 18 U.S.C. § 1521 ("Whoever files, attempts to file, or conspires to file, in any public record . . . any false lien against the real or personal property of [an officer or employee of the Untied States] on account of the performance of [his] official duties . . . knowing or having reason to know that such lien . . . is false . . . shall be fined . . . or imprisoned for not more than 10 years, or both."). A separate Order accompanies this Memorandum Opinion.

United States District Judge

Date: July 18, 2011